United States District Court
Southern District of Texas

**ENTERED**

July 15, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| T.A.,[1] | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00369 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff T.A. seeks judicial review of an administrative decision denying his application for disability and disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act (the "Act"). T.A. and Defendant Frank Bisignano, the Commissioner of the Social Security Administration (the "Commissioner") have both filed briefs. *See* Dkts. 14, 16. After reviewing the briefing, the record, and the applicable law, I recommend the Commissioner's decision be affirmed.

## BACKGROUND

On November 17, 2022, T.A. filed a Title II application for disability and disability insurance benefits and a Title XVI application for supplemental security income alleging disability beginning October 10, 2021. His application was denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that T.A. was not disabled. T.A. filed an

---

[1] On May 1, 2023, the Committee on Court Administration and Case Management of the Judicial Conference of the United States issued a memorandum recommending that courts adopt a local practice of using only the first name and last initial of any non-government party in Social Security opinions. This court has taken that guidance a step further in the interest of claimant's privacy and will use only initials in public opinions.

appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to "(1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on the record as a whole." *Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in *any* substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quotation omitted). The Commissioner uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past

relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See Salmond*, 892 F.3d at 817. Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's maximum capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do [his] past work or other available work." *Id.*

### THE ALJ'S DECISION

The ALJ found at Step 1 that T.A. "has not engaged in substantial gainful activity since October 10, 2021, the alleged onset date." Dkt. 8 at 33.

The ALJ found at Step 2 that T.A. "has the following severe impairments: status-post arthroscopic medial meniscectomy for right knee meniscus partial tear and obesity." *Id.*

At Step 3, the ALJ found that T.A. "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." *Id.* at 35.

Prior to consideration of Step 4, the ALJ determined T.A.'s RFC as follows:

[T.A.] has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c), meaning that the claimant can lift, carry, push or pull no more than 50 pounds occasionally and 25 pounds frequently, and sit, stand, or walk for 6 hours in an 8-hour workday with normal breaks. Further, he cannot climb ropes or scaffolds, and he can only occasionally climb ladders. He can frequently climb stairs and ramps, stoop, kneel, crouch, crawl and balance. He cannot work in extreme heat, cold or humidity. He can frequently finger with the bilateral hands, and he can engage in unlimited handling and feeling, bilaterally.

*Id.* at 36–37.

At Step 4, the ALJ found that T.A. "does not have past relevant work." *Id.* at 41.

At Step 5, the ALJ elicited testimony from a vocational expert ("VE") that "there are jobs that exist in significant numbers in the national economy that [T.A.] can perform." *Id.* Thus, the ALJ found that T.A. "has not been under a disability . . . from October 10, 2021, the alleged onset date, through the date of [the ALJ's] decision." *Id.* at 44.

## DISCUSSION

T.A. raises one issue for my review: whether the RFC is "supported by substantial evidence when there are no medical opinions assessing how [T.A.]'s physical impairments affect his ability to work, and the [ALJ] relies on her own lay interpretation of the medical evidence to make this assessment." Dkt. 14 at 2. For the reasons explained below, the ALJ's decision was supported by substantial evidence even though there were no medical opinions assessing how T.A.'s physical impairments affect his ability to work and the ALJ made no attempt to further develop the record.

It is true that there were no medical opinions regarding T.A.'s RFC in the record, though that was a situation entirely of T.A.'s making. The state agency consultants at both the initial and reconsideration levels found that there was insufficient evidence—due to T.A.'s refusal to provide the necessary information—to make a determination as to T.A.'s RFC. At the initial level, there is the following notation:

> IE/FTC.[2] Reasonable effort to obtain the claimant's cooperation to comply with a request for evidence or action has been completed but has been unsuccessful. Call in letters were mailed without response to

---

[2] "IE" stands for insufficient evidence. "FTC" stands for failure to cooperate. *See* Social Security Administration, DI 23007.001 Failure to Cooperate and Insufficient Evidence Definitions, available at https://secure.ssa.gov/poms.nsf/lnx/0423007001 (last visited July 14, 2026)*; see also* 20 C.F.R. § 404.1516 ("If you do not give us the medical and other evidence that we need and request, we will have to make a decision based on information available in your case. We will not excuse you from giving us evidence because you have religious or personal reasons against medical examinations, tests, or treatment.").

> return adult function report and the work history questionnaire. Per POMS DI 23007.015, when reasonable effort to obtain the claimant's cooperation has been unsuccessful, a determination based on the evidence in file using the sequential evaluation process can be made. There is insufficient evidence to determine the case due to the claimant's failure to cooperate.

Dkt. 8 at 75. There is a similar notation at the reconsideration level:

> IE/FTC. Reasonable effort to obtain the claimant's cooperation to comply with a request for evidence or action has been completed but has been unsuccessful. Call in letters were mailed without response to return adult function report and the work history questionnaire. Per POMS DI 23007.015, when reasonable effort to obtain the claimant's cooperation has been unsuccessful, a determination based on the evidence in file using the sequential evaluation process can be made. There is insufficient evidence to determine the case due to the claimant's failure to cooperate.

*Id.* at 86–87.

T.A. argues that remand is required because "the ALJ could not simply substitute her own lay non-medical expert interpretation of the medical record." Dkt. 14 at 9. But "[t]he ALJ is responsible for determining an applicant's residual functional capacity," not a medical professional. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). As the Fifth Circuit has explained:

> Usually, the ALJ should request a medical source statement describing the types of work that the applicant is still capable of performing. *The absence of such a statement, however, does not, in itself, make the record incomplete.* In a situation such as the present one, where no medical statement has been provided, our inquiry focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record.

*Id.* (emphasis added); *see also Rohden v. Kijakazi*, No. H-22-1951, 2023 WL 4188344, at *5 (S.D. Tex. June 2, 2023) ("An ALJ may properly make a disability determination that is not an adoption of any medical opinion while still basing h[er] decision on substantial evidence."). Here, I have no trouble finding that the ALJ's decision is supported by substantial evidence.

Recall that "[a] finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical

evidence." *Ramirez*, 606 F. App'x at 777 (quotation omitted). The phrase "no contrary medical evidence" means that "[n]o medical evidence contradicts [the claimant's disability]." *Payne v. Weinberger*, 480 F.2d 1006, 1008 (5th Cir. 1973). That is not the case here.

Here, the ALJ thoroughly reviewed T.A.'s medical records. In fact, T.A. does not point to a single symptom that the ALJ failed to consider.[3] T.A.'s inability to point to a single piece of evidence that the ALJ failed to consider not only demonstrates that the ALJ's decision is supported by substantial evidence, it also demonstrates that any failure by the ALJ to develop the record was not prejudicial.

The Fifth Circuit has held that it "will not reverse the decision of an ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure. . . . To establish prejudice, a claimant must demonstrate that he or she could and would have *adduced evidence* that might have altered the result." *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000) (emphasis added) (quotation omitted). T.A. contends that "[a] properly developed record yielding a light-work limitation . . . would change the result." Dkt. 17 at 8. It is true that, given T.A.'s age, an RFC of light work would result in a finding of disability. But it is not enough for T.A. to say that the outcome would be different if his RFC was limited to light work.

T.A. must demonstrate that he could have adduced evidence on a more developed record that would have resulted in an RFC that was limited to light work. He cannot simply speculate that a more developed record would have resulted in a different RFC. T.A. "points to no evidence that, had the ALJ developed the record

---

[3] In his reply brief, T.A. argues that the ALJ omitted evidence that was "unfavorable" to her determination. Dkt. 17 at 6. Specifically, T.A. contends that the ALJ failed to mention that T.A. "reported his knee pain had returned, that it was 'hard to bear weight,' and his knee 'buckles and gives out occasionally.'" *Id.* (quoting Dkt. 8 at 540). This is simply untrue. In recounting the medical evidence, the ALJ wrote: "the claimant reported that he had started to experience pain after his operation, and his pain was located on the medial aspect of the right knee. He reported that it was hard to bear weight on his knee, and his knee buckles and gives out occasionally." Dkt. 8 at 38 (cleaned up).

further, would have been adduced . . . and that could have changed the result" to an RFC of light work. *Brock v. Chater*, 84 F.3d 726, 728–29 (5th Cir. 1996). Thus, even if the ALJ substantially erred (she did not), remand is not warranted. *See id.* ("We will not reverse the decision of an ALJ for lack of substantial evidence where the claimant makes no showing that he was prejudiced in any way by the deficiencies he alleges.").

## CONCLUSION

For the reasons discussed above, I recommend that the Commissioner's decision be affirmed.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this _15th_ day of July 2026.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

7